Order accordingly.

The **AUTOYRE COMPANY**, Plaintiff,

v.

Abraham **YAGODA**, Ida Yagoda, and Sidney Krauss, individually and as co-partners, doing business as Aywon Wire and Metal Company; and Aywon Wire and Metal Corporation, Defendants.

Civ. A. No. 17117.

United States District Court
E. D. New York.

Feb. 21, 1957.

Kenyon & Kenyon, by Douglas H. Kenyon, New York City, for plaintiff, for the Motion.

Samuel J. Stoll, Jamaica, for defendants, in Opposition.

RAYFIEL, District Judge.

The plaintiff, a manufacturer of bathroom, kitchen and closet accessories, seeks a preliminary injunction enjoin-

448

ing the defendants herein, who manufacture similar products, from (1) selling, offering for sale, etc. any of the accessories designated by the defendants as their "5500" line; (2) using any of the labels now on the said "5500" line; (3) distributing a certain display panel; (4) manufacturing, selling, using, etc., any accessories or labels similar to plaintiff's "2500" line; and (5) infringing or copying plaintiff's copyrighted labels. It bases its application on alleged unfair competition by the defendants, and alleged infringement of certain copyrights which the plaintiff owns on labels for its "towel bar" and "towel ring." The plaintiff also moves for a preference in the trial of the case.

A hearing was held at which defendant's counsel advised the court that his clients were no longer using the labels or the display panel complained of. Copies of the new labels and display panel were exhibited to me. The new labels are entirely different in color from plaintiff's labels and defendants' former labels. The new panel differs from the old one both in arrangement and lettering, and cannot, in my opinion, be confused with the plaintiff's. The defendants' counsel assured the court that the old, offending labels and panels would not be used. The change in the labels and display panels and counsel's representations and assurances to the court make consideration of those items unnecessary.

So far as the accessories themselves are concerned, the plaintiff has not shown that it has suffered or is likely to suffer irreparable injury, particularly so since the defendants' new labels, cards and panels make the display of plaintiff's products readily distinguishable from those of the defendants.

The plaintiff's motion for a preliminary injunction is therefore denied. As to plaintiff's application for a preference, it is prematurely made since a note of issue has not been filed. The case is not pending on the trial calendar.